9709.   UNITED STATES PRINTING & LITHOGRAPHING COMPANY *v.*
STOVALL-JONES COMPANY.

BLOODWORTH, J. 1. Without authority to do so, the manager of a corporation engaged in the wholesale grocery business, who is "the purchasing agent for the company" and secretary and treasurer thereof, can not bind the corporation by signing notes for stock in another corporation. Where such a note was signed and given in the name of a corporation by its manager, and a plea of non est factum was filed, and it was not shown either that there was a course of dealing from which authority to sign the notes could be implied, or that the seal of the corporation was affixed to the note, or that the act was ratified by the corporation, or that express authority to sign the note was given to the manager, but on the contrary he testified that "this transaction was not discussed with our directors; I have never advised them anything of it. . . I do not hold anything at all representing the stock we got from the Lewis Bear Drug Company at the time this note was executed," the note was properly rejected as evidence, upon objection that the execution thereof was not proved and that it was not shown that the manager had authority to sign it. While slight evidence is sufficient to lay the foundation for the admission of a note the execution of which is denied by a plea of non est factum, still the sufficiency

of this evidence is for determination by the court. *Patton* v. *Bank of LaFayette*, 124 *Ga.* 965 (5) (53 S. E. 664).

2. The note sued on having been rejected as above stated, and the plaintiff offering no further evidence, the court did not err in granting a nonsuit.

*Judgment affirmed. Broyles, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 20, 1919.

Complaint; from Ben Hill superior court—Judge Crum., March 4, 1918.

*Eldridge Cutts, McDonald & Bennett,* for plaintiff.

*Wall & Grantham, Otis H. Elkins,* for defendant.